UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:20-CV-20754

ALBA RUBIELA QUINTERO,

    Plaintiff,

vs.

D.T.M. ENTERPRISES, INC. d/b/a
CAFÉ FARAY,

    Defendant.
_____/

# **COMPLAINT**

Plaintiff, Alba Rubiela Quintero, sues Defendant, D.T.M. Enterprises, Inc. d/b/a Café Faray, as follows:

### *Parties, Jurisdiction, and Venue*

1.    **Plaintiff, Alba Rubiela Quintero**, is a *sui juris* resident of Miami-Dade County, Florida, who is over 18 years old.

2.    Plaintiff consents to participate in this lawsuit.

3.    Plaintiff was a non-exempt employee of Defendant.

4.    **Defendant, D.T.M. Enterprises, Inc.**, is a for profit Florida company that is *sui juris* and has operated its restaurant business here, in Miami-Dade County, Florida, at all times material under the fictitious name of "Café Faray".

5.    Defendant was Plaintiff's employer as the term "employer" is defined by 29 U.S.C. §203 (d).

6.    This Court has original jurisdiction over Plaintiff's federal question claims pursuant to 28 U.S.C. §1331 and 26 U.S.C. §201, *et seq*.

7. Venue is proper in this Court pursuant because Defendant transacts business in Miami-Dade County, maintains its principal place of business in Miami-Dade County, and also because Defendant employed Plaintiff in Miami-Dade County, with most of the actions complained of occurring within this County.

### *Common Background Factual Allegations*

8. Defendant regularly employed two or more employees for the relevant time period that handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus making Defendant's business an enterprise covered under the Fair Labor Standards Act.

9. In particular, Defendant has been at all times material an enterprise engaged in interstate commerce in the course of its receipt, preparation, cooking, service, and sale of foodstuffs, produce, meats, beverages, beer, liquor and products that have moved through interstate commerce prior to its receipt of same.

10. Defendant cooked, prepared, and stored these foodstuffs, perishables, and beverages while using machinery, appliances, refrigeration goods and materials that also have moved through interstate commerce.

11. Furthermore, Defendant regularly and routinely obtains, exchanges, and sends/receives funds to and from outside of the State of Florida, uses telephonic transmissions going outside of the State of Florida to conduct business, and transmits electronic information through computers, the internet, via email, and otherwise outside of the State of Florida.

12. Defendant's annual gross revenues derived from this interstate commerce are believed to be in excess of $500,000.00 for the relevant time period.

7300 N. Kendall Drive, Suite 450, Miami, Florida 33156
tel 305.230.4884   fax 305.230.4844
*www.fairlawattorney.com*

13. To the extent that records exist regarding the exact dates of Plaintiff's employment exist, such records are in the exclusive custody of Defendant.

14. Plaintiff's work for Defendant was actually in or so closely related to the movement of commerce while she worked for Defendant that the Fair Labor Standards Act applies to Plaintiff's work for Defendant in the course of her regularly and routinely handling and preparing food, produce, beer, liquor, and beverages that traveled through interstate commerce while also utilizing supplies, knives, equipment, dishwashing machines, and equipment that also traveled through interstate commerce.

15. Plaintiff also would regularly and routinely utilize credit/debit card processing machines that would transmit information outside of the State of Florida as part of her work for Defendant.

16. Plaintiff worked for Defendant as a server from 2018 through and including February 13, 2020.

17. Defendant, in turn, would pay Plaintiff in cash at the rate of approximately $25 per shift, but without any attendant documentation identifying her hours worked, pay received, hourly rate, or tip credit applied.

18. Any/all conditions precedent to filing this lawsuit occurred and/or was satisfied by Plaintiff.

19. Plaintiff retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

**COUNT I – FLSA MINIMUM WAGE VIOLATION(S)**

Plaintiff, Alba Rubiela Quintero, reincorporates and re-alleges all preceding paragraphs as though set forth fully herein and further alleges as follows:

3

20. In Florida, and for the relevant time period, the minimum wage was set at $8.25/hour for 2018, $8.46/hour for 2019, and $8.56/hour for 2020.

21. The FLSA, at 29 U.S.C. §218 and 29 C.F.R. §778.5, requires that all non-exempt employees be paid a minimum wage that is at or greater than the minimum wage established by any other law.

22. During the last three years, Defendant utilized the tip credit to pay Plaintiff at an hourly wage rate that was less than the entirety of the applicable minimum wage.

23. If an employer satisfies the "tip credit" requirements, it may apply a portion of the employee's tips (up to a maximum of $3.02 per hour) to satisfy its obligation to pay its employees at least a minimum wage.

24. The FLSA requires that employers such as Defendant provide its employees with sufficient reimbursements for employment-related expenses to ensure that employees' hourly wages equal or exceed the minimum wage after employment related expenses ("kickbacks") are counted against (or deducted from) the hourly wages.

25. If an employer fails to satisfy these requirements, it may not take advantage of the tip credit and must directly pay its tipped employees the full applicable minimum wage.

26. Defendant failed to comply with the FLSA when it paid Plaintiff a cash wage of $25 per shift for the approximately 8-hour shifts that she worked.

27. Defendant reduced Plaintiff's direct hourly wage by requiring her to pay for walk-outs.

28. Defendant further reduced Plaintiff's direct hourly wage by requiring her to make up the difference when her cash register was short from her tips at the end of her shift.

7300 N. Kendall Drive, Suite 450, Miami, Florida 33156
tel 305.230.4884   fax 305.230.4844
*www.fairlawattorney.com*

29. Therefore, Plaintiff did not retain all her tips received from customers. Instead, Defendant required Plaintiff to share a portion of her tips with the house by requiring her to satisfy any cash register or inventory shortages with a commensurate portion of her tips.

30. Plaintiff also spent significant time engaged in traditionally non-tipped activities.

31. By failing to satisfy the requirements of 29 U.S.C. § 203(m), Defendant was not eligible for the tip credit and were required to pay Plaintiff the entirety of the applicable minimum wage.

32. Defendant either knew from prior experience or recklessly failed to investigate whether its failure to pay Plaintiff a minimum wage for each of the hours worked during the relevant time period violated the FLSA and then failed to timely correct its violation.

33. Plaintiff is entitled to a backpay award of the difference between the pay she received and the applicable minimum wages for all hours worked, plus an equal amount as a penalty, plus all attorneys' fees and costs.

WHEREFORE Plaintiff, Alba Rubiela Quintero, demands the entry of a judgment in her favor and against Defendant, D.T.M. Enterprises, Inc. d/b/a Café Faray, after trial by jury and as follows:

    a. That Plaintiff recovers compensatory minimum wage damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);

    b. That Plaintiff recovers pre-judgment interest on all tips and on all unpaid minimum wages if the Court does not award liquidated damages;

    c. That Plaintiff recovers an award of reasonable attorneys' fees, costs, and expenses pursuant to the FLSA;

7300 N. Kendall Drive, Suite 450, Miami, Florida 33156
tel 305.230.4884  fax 305.230.4844
*www.fairlawattorney.com*

d. That Plaintiff recovers all interest allowed by law;

e. That Defendant be Ordered to make Plaintiff whole by providing appropriate minimum wage pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

f. That the Court declare Defendant to be in willful violation of the overtime provisions of the FLSA; and

g. Such other and further relief as the Court deems just and proper.

## **COUNT II – FLSA OVERTIME VIOLATION**

Plaintiff, Alba Rubiela Quintero, reincorporates and re-alleges paragraphs 1 through 19 as though set forth fully herein and further alleges as follows:

34. Plaintiff regularly and routinely worked more than 40 hours in a workweek for Defendant.

35. Defendant knew or reasonably should have known that Plaintiff worked more than 40 hours per week during the time she worked for them as a result of assigning her the shifts she was to work each week, paying her for the shifts, and its management of the operating hours of its restaurant and its employed personnel.

36. Defendant failed and refused to pay Plaintiff at the rate of time and one-half times her regular rate of pay (of at least the applicable Florida minimum wage) for all hours worked over 40 hours in a workweek.

37. Plaintiff is entitled to a backpay award of overtime wages for all overtime hours worked, plus an equal amount as a penalty, plus all attorneys' fees and costs.

7300 N. Kendall Drive, Suite 450, Miami, Florida 33156
tel 305.230.4884   fax 305.230.4844
*www.fairlawattorney.com*

WHEREFORE Plaintiff, Plaintiff, Alba Rubiela Quintero, demands the entry of a judgment in her favor and against Defendant, D.T.M. Enterprises, Inc. d/b/a Café Faray, after trial by jury and as follows:

a. That Plaintiff recover compensatory overtime wage damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b) – or interest on the unpaid wages if no liquidated damages are awarded;

b. That Plaintiff recover pre-judgment interest on all unpaid overtime wages if the Court does not award liquidated damages;

c. That Plaintiff recover an award of reasonable attorneys' fees, costs, and expenses pursuant to the FLSA;

d. That Plaintiff recover all interest allowed by law;

e. That Defendant be Ordered to make Plaintiff whole by providing appropriate overtime pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

f. That the Court declare Defendant to be in willful violation of the overtime provisions of the FLSA; and

g. Such other and further relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury of all issues so triable.

Dated this 21st day of February 2020.

>Respectfully Submitted,
>
>s/Brian H. Pollock, Esq.
>Brian H. Pollock, Esq.
>Fla. Bar No. 174742
>brian@fairlawattorney.com
>FAIRLAW FIRM
>7300 N. Kendall Drive
>Suite 450
>Miami, FL 33156
>Tel:     305.230.4884
>*Counsel for Plaintiff*